**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GREGORY BERNARD PAUL,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No.  3:12-CV-00130-G (BH) |
| § | |
| **CAROLYN W. COLVIN, ACTING** § | |
| **COMMISSIONER OF THE SOCIAL** § | |
| **SECURITY ADMINISTRATION,** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for findings of fact and recommendation.  Before the Court is *Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act*, filed April 19, 2013 (doc. 15).  Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED, in part.**

## I.   BACKGROUND

On January 13, 2012, through counsel, Plaintiff filed a complaint seeking reversal and remand of the Commissioner's decision denying his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (doc. 1.)  On March 29, 2013, the Court entered judgment, reversing and remanding the case for further proceedings. (doc. 14.)  Plaintiff then moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  (doc. 15.)  The Commissioner objected to the amount of fees sought.  (doc. 17.)  The motion is now ripe for recommendation.

## II.   ANALYSIS

Pursuant to the EAJA, the Court must award attorney's fees and expenses if (1) the claimant

is the "prevailing party";[1] (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). The claimant has the burden of demonstrating that the hours requested were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 601 (N.D. Tex. 2000) (Fitzwater, C.J.) (citations omitted).

Here, as the prevailing party, Plaintiff has requested $5,688.50 in attorney's fees based on 31.1 hours of attorney work at an hourly rate of $182.91. (doc. 15 at 1.) He also requests reimbursement of the $350 filing fee from the Judgment Fund. (*Id.*) Counsel has submitted an itemized billing statement detailing the time that was devoted to the case. (doc. 15-3.)

The Commissioner does not object to the number of hours for which Plaintiff requests compensation, or to his request for reimbursement of the $350 filing fee. The Commissioner takes issue with the hourly rates that Plaintiff seeks, as well as with his request that the fee award be paid directly to counsel. (D. Br. at 1–2.)

**A.     Hourly Rate**

Plaintiff requests that the $125 hourly rate under the EAJA be adjusted using the average consumer price index (CPI) for the Urban South, which was $223.004 in June 2012, "the month in

---

[1] To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D. Tex. Apr. 29, 2013).

which the majority of the work was done in Federal Court."[2] (Pl. Br. at 3.) The Commissioner acknowledges that she has agreed to these rates in the past, but cites to Fifth Circuit precedent for the proposition that the CPI that most accurately applies in this case is that of the Dallas-Fort Worth area, which was $212.227 in 2012.[3] (D. Br. at 2.)

The EAJA allows an upward adjustment of attorney's fees for increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A). The Fifth Circuit has explained that although the fee adjustment need not "track the cost-of-living index for a particular geographical area," this index is a "significant" indicator. *Baker v. Bowen*, 839 F.2d 1075, 1082–83 (5th Cir. 1988). In *Baker*, the Court found that the court-by-court "exercise of rate-setting discretion had resulted in 'a multiplicity of conflicting views within the Dallas courts' and 'confusion and bewilderment among the bar and litigants.'" *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (per curiam) (citing *Baker*, 839 F.2d at 1082.) The Court emphasized the importance of applying uniform principles in calculating fee adjustments, explaining that "unlike determinations of other 'special factors,' the cost of living and the availability of attorneys are problems that affect each litigant within a district to the same degree." *Baker*, 839 F.2d at 1083. Accordingly, the Court remanded the five consolidated cases,

---

[2] The CPI, as furnished by the U.S. Department of Labor's Bureau of Labor Statistics, has been used to determine the appropriate amount for cost of living increases pursuant to EAJA. *Cavazos v. Astrue*, No. CA C-09-361, 2011 WL 1004941, at *4 (S.D. Tex. Mar. 1, 2011), *rec. adopted*, 2011 WL 977519 (S.D. Tex. Mar. 16, 2011) (citing *Bode v. United States*, 919 F.2d 1044, 1053 n. 8 (5th Cir. 1990) (per curiam)). The average CPI for March 1996, the month the EAJA was amended to set $125 as the hourly rate for attorney's fees, was $152.40. (doc. 15-2 at 3.) The CPI in the Urban South was $223.004 for June 2012. *See* http://data.bls.gov/cgi-bin/surveymost (last visited September 23, 2013). Multiplying the statutory base of $125 by the CPI percentage increase since March 1996 (46.33 percent) yields an hourly rate of $ 182.91 for June 2012.

[3] In the Dallas-Fort Worth area, the average CPI was $212.227 for the year 2012. (*See* doc. 17-1 at 1.) Multiplying $125 by the CPI percentage increase since 1996 (39.25 percent) yields an hourly rate of $174.07 for 2012. The Commissioner calculates an hourly rate of $172.71 by using the average CPI for the *entire year* of 1996 ($153.60). (*See* doc. 17 at 2.) The Court uses the more specific March 1996 CPI ($152.40) since the Commissioner does not object to Plaintiff's month-to-month calculation. Because the Bureau of Labor Statistics does not provide a Dallas-Fort Worth area CPI for June 2012 (*see* doc. 17-1), the Court uses the average CPI for the year 2012.

holding "that a determination of the appropriateness of [fee award] increases should be *uniform* in the Dallas federal courts." *Baker*, 839 F.2d at 1079 (emphasis added). Notably, although *Baker*'s "ruling did not mandate rate uniformity across the *entire federal district*," it recognized that "rate fluctuations among federal courts serving the *same city* are arbitrary." *Yoes*, 467 F.3d at 427 (emphasis added).

Based on *Baker* and post-*Baker* cases from the Northern District of Texas, a court in this division recently held that the CPI that most accurately applied to a case litigated in this division for purposes an EAJA fee adjustment was that of the Dallas-Fort Worth area, rather than the Urban South. *See Skinner v. Colvin*, No. 3:12-CV-02349-BK (N.D. Tex. May 1, 2013) (citing to *Benton v. Astrue*, No. 3:12-CV-0874-D, 2013 WL 818758, at *1 (N.D. Tex. Mar. 5, 2013) (Fitzwater, C.J.); *Anderson v. Astrue*, No. 4:11-CV-317-Y (N.D. Tex. Feb. 21, 2013)). In *Skinner*, the court construed *Baker*'s holding as "requir[ing] uniformity within the Dallas division" and determined that applying the Dallas-Fort Worth area CPI in that case was "consistent" with recent precedent.[4] *Id.* at 2–3. By contrast, another recent case from this division rejected the Commissioner's contention that the Dallas-Fort Worth area CPI should apply, based in part, on the claimant's argument that "the national rate [was] the more appropriate and consistent rate applied to [counsel]" because he was "an interstate attorney and only a small percentage of his work occur[red] in Dallas." *Goin*, 2013 WL 1797862, at *5. The Court agrees with the reasoning in *Skinner* that *Baker* generally requires uniformity in cost-of-living adjustments within courts located in the same city or division. *See Yoes*,

---

[4] In *Benton*, after noting the claimant's failure to respond to the Commissioner's argument that the Dallas-Fort Worth area CPI should be used, the court acknowledged that it had approved a higher rate in the past, but held that the Dallas-Fort Worth area CPI was the most appropriate in that case. *Benton*, 2013 WL 818758, at *1. Similarly, the court in *Anderson* "agree[d] with the [Commissioner] that the [CPI] for the Dallas-Fort Worth area [was] the appropriate CPI to use to ascertain a reasonable fee . . . under the EAJA, adjusted for cost-of-living increases." *Anderson*, No. 4:11-CV-317-Y, at *1.

467 F.3d at 427; *Baker*, 839 F.2d at 1085.  Because fee adjustments need not necessarily "track the cost-of-living index for the geographical area," and because "unusual circumstances" may sometimes warrant a greater or lesser adjustment, however, federal courts retain the discretion to "conservatively adjust the rate" according to the facts of each case.  *See Baker*, 839 F.2d at 1079; *see also Groin*, 2013 WL 1797862, at *5.

Given Plaintiff's failure to identify any unusual circumstances, such as those alleged by the claimant in *Goin*, the most appropriate CPI to apply in this case is that of the Dallas-Fort Worth area. *See Baker*, 839 F.2d at 1079; *Skinner*, No. 3:12-CV-02349-BK, at 2–3.  Accordingly, the applicable hourly rate in this case is $174.07.

**B.    Receipt of Payment**

Plaintiff asks that the EAJC fee award be made payable directly to counsel.  (Pl. Br. at 3.)

The Supreme Court has held that a fee award under the EAJA must be paid directly to a claimant who is found to be the "prevailing party" in the case, rather than to his attorney.  *Astrue v. Ratliff*, 560 U.S. 586,  130 S. Ct. 2521, 2528–29 (2010).  Adhering to *Ratliff*'s express holding, courts in the Fifth Circuit have declined to allow for payment to be made directly to counsel, even in cases where the fee award is not subject to any offset by the government.  *See, e.g.*, *Goin*, 2013 WL 1797862, at *6 ("conclud[ing] that the [most] prudent course [was] to follow the express holding of *Ratliff* and require that EAJA fees be made payable to [the] Plaintiff and not his counsel"; acknowledging "the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to pay a debt [owed] to the government"); *Skinner*, No. 3:12-CV-02349-BK, at *2 (holding that pursuant to *Ratliff*, "EAJA awards are payable directly to the prevailing party, not his attorney"); *Yearout v. Astrue*, No. 3:10-

CV-0430-L-BH, 2011 WL 2988421, at *3 n. 2 (N.D. Tex. Mar. 15, 2011), *rec. adopted*, 2011 WL 2990368 (N.D. Tex. July 22, 2011) (same); *see also Jackson v. Astrue*, 705 F.3d 527, 531 and n. 11 (5th Cir. 2013) (noting that in contrast to fees awarded under § 406(b) of the Social Security Act, "EAJA fees are paid to the claimant, who may or may not tender the award to counsel"; and that "[b]ecause the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant [may] owe[] to the federal government) (citing *Ratliff*, 130 S. Ct. at 2524).[5] Accordingly, the award of attorney's fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

## C.    Request to Extend Time

Plaintiff requests an extension of 30 days from his "receipt of the Notice of Award" to file a motion for attorney's fees under § 406(b) of the Social Security Act, should he be "successful at the administrative level." (Pl. Br. at 3–4.) The Commissioner does not object to Plaintiff's request. Plaintiff's request should therefore be granted.

### III. RECOMMENDATION

*Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act*, filed April 19, 2013 (doc. 15), should be **GRANTED, in part.** Plaintiff should be awarded a total of $5,413.58 in attorney's fees, based on 31.10 hours of attorney work at an hourly rate of $174.07. Plaintiff should be paid $350 for reimbursable costs from the Judgment Fund.

---

[5] Plaintiff relies on *Ratliff* for the proposition "that an award of EAJA fees may be payable to Plaintiff's attorney when, as here, there is a valid assignment of [EAJA] fees after the award becomes final." (Pl. Br. at 3.) Although in *Ratliff* the Supreme Court distinguished the case from other cases in which the government had paid EAJA awards directly to the claimant's attorney pursuant to a "nonstatutory" agreement (e.g., an assignment from the claimant to his attorney) (*see Ratliff*, 130 S. Ct. at 2529), Plaintiff fails to identify any Fifth Circuit precedent decided after *Ratliff* that allowed for that type of payment arrangement.

SO ORDERED this 24th day of September, 2013.

                                                        _____
                                                        IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                        _____
                                                        IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE