IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY BERNARD PAUL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-00130-G (BH) |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for findings of fact and recommendation. Before the Court is *Plaintiff's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)*, filed February 14, 2014 (doc. 20). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED.**

## I. BACKGROUND

On January 13, 2012, Gregory Bernard Paul (Plaintiff), through counsel, filed a complaint seeking reversal and remand of the Commissioner's decision denying his applications for disability insurance benefits (DBI) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. (doc. 1.) On March 29, 2013, the Court entered judgment, reversing and remanding the case for further proceedings. (doc. 14.) Plaintiff then moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (doc. 15.) The motion was granted on October 18, 2013. (doc. 19.) On February 14, 2014, Plaintiff's attorney (counsel) filed this motion under § 406(b) of the Social Security Act requesting $15,663.60 in attorney's fees pursuant to a fee agreement in which Plaintiff agreed to pay 25 percent of his past-

due benefits for his representation in federal court. (docs. 20; 21.) After a timely-filed response by the Commissioner (doc. 24), the motion is now ripe for recommendation.

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."

42 U.S.C.A. § 406(b)(1)(A) (West 2010) (emphasis added).

### A. **Reasonableness**

The Commissioner asks the Court to conduct an independent review of the requested fee award to determine whether it is reasonable for the services provided to Plaintiff.[1] (D. Br. (doc. 24).)

Section 406(b) requires that a fee award not only be limited to 25 percent of the claimant's award of past-due benefits, but also requires that it be "reasonable." *Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *see also* 42 U.S.C. § 406(B)(1)(A). The Supreme Court has held that contingency fee agreements in social security cases are unenforceable to the extent that they

---

[1] The Commissioner has no direct financial stake in the fee award; rather, her role in the fee determination is analogous that of a "trustee" for the claimant, requiring her to question the reasonableness of the fees sought. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6).

provide for fees exceeding 25 percent of past-due benefits. *Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See Gisbrecht*, 535 U.S. at 807.

Although courts generally employ the lodestar method[2] in determining the reasonableness of attorney's fees, the Supreme Court has "explicitly rejected" this approach "as the 'starting point' in determining a fee's reasonableness pursuant to § 406(b)." *Jeter*, 622 F.3d at 378 (citing *Gisbrecht*). Nonetheless, in *Gisbrecht*, the Court also stated that if the benefits resulting from a contingency fee agreement are large in comparison to the amount of time counsel spent on the case, a downward adjustment may be "in order" to disallow a "windfall" for the attorney. *See Gisbrecht*, 535 U.S. at 807. The Fifth Circuit has interpreted *Gisbrecht* as allowing a court to employ the lodestar method in its analysis, but only if "the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.* The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned, but it has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant,

---

[2] This method consists of multiplying a reasonable number of hours by a reasonable hourly rate. *Raspanti v. Caldera*, 34 F.App'x 151 (5th Cir. 2002); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615–16 (N.D. Tex. 2000) (Fitzwater, C.J.) (citations omitted).

degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381–82 (citing *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

The contingency fee requested in this case represents exactly 25 percent of the past-due benefits awarded to Plaintiff. (*See* Notice of Award (doc. 20-2) at 9.) Courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011) (noting that in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits); *see also Hartz v. Astrue*, No. CIV.A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012) (to same effect) (collecting cases).

Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings, and the Commissioner had fully briefed a motion opposing remand. (*See* docs. 10 and 11.) The resulting hourly rate of $503.65 ($15,663.60 divided by 31.1 hours of attorney work devoted to the case) falls well below amounts that have been approved by courts as reasonable. *See, e.g.*, *Prude v. U.S. Com'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22, 2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to anything other than the attorney's own work"); *Taylor v. Comm'r, Soc. Sec. Admin.*, No. 6:09-CV-189, 2013 WL 3357936, at *2 (E.D. Tex. July 1, 2013) (finding that the resulting hourly rate of

$651.62 was reasonable); *Neal v. Colvin*, No. 3:09-CV-522-N -BH, 2013 WL 5786268, at *3 (N.D. Tex. Oct. 28, 2013) (approving of the resulting $512.82 hourly rate as reasonable).

Moreover, counsel provided effective and efficient representation, expending 28 hours reviewing the administrative record, summarizing the medical evidence, and drafting a 25-page opening brief that identified and analyzed four legal issues. (*See* doc. 10.) The fees requested reflect the favorable result obtained by counsel, given that Plaintiff recouped over $62,652.00 in wrongfully-denied past-due benefits. (*See* doc. 20-3 at 9.) By the time counsel represented Plaintiff in federal court, they had over 31 years of combined experience practicing exclusively in Social Security law. (*See* doc. 20-2 at 3–4.) Finally, while certainly not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25 percent fee. *See Jeter*, 622 F.3d at 381–82; *Hartz*, 2012 WL 4471846, at *6; (*see also* doc. 20-3 at 2.) In conclusion, the requested $15,663.60 fee award is reasonable and should be granted.

**B.   EAJA Offset**

The Commissioner also asks that counsel be directed to refund to Plaintiff the $5,413.58 in attorney's fees that was awarded pursuant EAJA. (doc. 24 at 5.)

Pursuant to EAJA, a court must award attorney's fees if: (1) the claimant is the "prevailing party"; (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove*, 635 F.3d at 790 (citing 28 U.S.C. § 2412(d)(1)(A)). Given the overlap between EAJA and § 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831, 837–39 (5th Cir. 2010). Here, counsel represent

that they will "remit the EAJA fees of $5,413.58 directly to the Plaintiff." (doc. 20-2 at 4.)

### III.  RECOMMENDATION

*Plaintiff's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)*, filed February 14, 2014 (doc. 20), should be **GRANTED.**  Counsel should be awarded $15,663.60 in attorney's fees pursuant to 42 U.S.C. § 406(b).

**SO RECOMMENDED** on this 7th day of April, 2014.

                                                                        IRMA CARRILLO RAMIREZ
                                                                        UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                        IRMA CARRILLO RAMIREZ
                                                                        UNITED STATES MAGISTRATE JUDGE